IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN MICHAEL MELVIN, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRITTANY, et al. | : | NO. 17-1839 |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                             **MAY 31, 2017**

Plaintiff Shawn Michael Melvin, Jr. filed a motion to proceed *in forma pauperis* and a complaint against managers and an assistant manager at Walmart. His claims appear to stem from the fact that he did not receive a job he applied for at Walmart. Plaintiff alleges that Brittany, the manager, "humiliated [him] by not participating correctly for [his] hire," and "made [him] sign papers, making it seem like she was going to call [him] in for orientation." (Compl. at 3.) Based on those allegations, plaintiff claims that his civil rights were violated. He seeks $10,000 because Brittany "[lied] to [him] about working, rendering [him] vulnerable," and never called him to start work after his background check. (*Id.* at 4.)

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

1

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

To the extent plaintiff is raising claims under 42 U.S.C. § 1983 for violation of his rights, his claims fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not applicable here because the defendants are not state actors.

There is no other basis for a federal claim apparent from the complaint. Although federal law prohibits discrimination in employment based on an individual's membership in a protected class, nothing in the complaint suggests that plaintiff's claims arise under those laws. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (explaining that federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112)). To the contrary, it appears that plaintiff is disappointed because his expectation in employment with Walmart did not materialize. That disappointment and frustration does not, however, equate to a federal claim.

For the foregoing reasons, the Court will dismiss plaintiff's complaint. As it appears that plaintiff lacks a basis for a claim within the Court's jurisdiction, amendment would be futile. An appropriate order follows, which shall be docketed separately.